UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIERON YOUNG AND JATOVENIA WALKER** | * * | **CIVIL ACTION NO. 2019-cv-617** |
| PLAINTIFFS | * * | JUDGE |
| **VERSUS** | * * | **MAGISTRATE** |
| **HENRY FRANKLIN HEALY, JR., ALISAM ENTERPRISES, LLC, AND AMTRUST INSURANCE COMPANY OF KANSAS, INC.** | * * * * * | **SECTION** |
| DEFENDANTS | * * | A JURY TRIAL IS REQUESTED |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:  The Honorable Judges
     of the United States District Court
     for the Eastern District of Louisiana

Defendant Alisam Enterprises, LLC, and (referred to as "Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal of the action entitled "*Kieron Young and Jatovenia Walker v. Henry Franklin Healy, Jr., Alisam Enterprieses, LLC, and AmTrust Insurance Company of Kansas, Inc.,*" Civil Docket No. 2018-11574, Division "N," Section 08 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana. In support of its Notice of Removal, Defendant respectfully represents that:

## INTRODUCTION

1.

This civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant under the provisions of 28 U.S.C. § 1441(a). This civil action is among diverse parties who are citizens of different States, and Plaintiff's claims involve an amount in controversy that exceeds $75,000.00, exclusive of costs and interests.

2.

Kieron Young and Jatovenia Walker ("Plaintiffs") commenced the captioned action on November 16, 2018, in the Civil District Court for the Parish of Orleans. *See* Exhibit "A," Petition for Damages.  Plaintiff's allegations stem from a motor vehicle accident that allegedly occurred on November 22, 2017, in Orleans Parish.  Plaintiffs allege that a tractor trailer collided with plaintiffs' vehicle causing each to suffer severe physical and mental injuries.

### COMPLIANCE WITH THE PROCEDURAL REQUIREMENTS FOR REMOVAL

3.

Defendant Alisam Enterprising, LLC received service of process on December 27, 2019, after delivery by certified United States Postal Mail, No. 94147116990007198998533, received at the reception at 12:02 p.m. on December 27, 2018.  Therefore, the removal is timely as filed within thirty (30) days of service.

4.

The Civil District Court for the Parish of Orleans is located within the United States District

Court for the Eastern District of Louisiana. Therefore, venue is proper in the Eastern District of Louisiana in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

5.

Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), a copy of all process, pleadings, and orders served upon the Defendant Alisam Enterprises is attached hereto as **Exhibit "A."** A copy of the full state court record has been requested and will be timely furnished to the Court upon receipt of the same. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel avers that contemporaneously with the filing hereof, Defendant has given notice to all adverse parties whose identities are known, and Defendant has filed a copy of this Notice of Removal with the Clerk of the State Court. **Exhibit "B"** Notice to State Court and Adverse Party of Filing of Notice of Removal.

7.

At the time of removal, co-defendants Henry Franklin Healy, Jr. and AmTrust Insurance Company of Kansas, Inc. have not been served with service of process.

### DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332

8.

This Court has original jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1332(a) because this is a civil action where (a) the parties in interest are citizens of different States and (b) the amount in controversy exceeds $75,000.00.

**All Parties are Diverse**

9.

There is complete diversity of citizenship between the Plaintiffs and the Defendants named in this matter. Plaintiffs' Petition alleges that Kieron Young and Jatovenia Walker are residents of and domiciled in the State of Louisiana. *See* **Exhibit "A**,*"* Petition for Damages at Preamble.

10.

Defendant, Henry Franklin Healy, Jr., is an individual who is domiciled in the State of Texas. Therefore, Henry Franklin Healy, Jr. is considered a citizen of Texas and is diverse from the Louisiana Plaintiffs.

11.

Defendant, Alisam Enterprises, LLC, is a foreign Texas corporation with its principle place of business in Texas. Therefore, Alisam Enterprises, LLC is considered to be a citizen of Texas and is diverse from the Louisiana Plaintiff.

12.

Defendant, AmTrust Insurance Company of Kansas, Inc. takes on the citizenship of its insureds, Henry Franklin Healy, Jr and Alisam Enterprises, LLC, for the purposes of determining diversity in a direct action lawsuit under 28 U.S.C. § 1332(c)(1)(A). Further, AmTrust Insurance Company of Kansas, Inc. is a Kansas corporation with its principal place of business in Texas. Therefore, AmTrust Insurance Company of Kansas, Inc. is considered to be a citizen of Kansas and Texas and is diverse from the Louisiana Plaintiffs.

14.

For the foregoing reasons, Defendant submits that that there is complete diversity between all parties, and this Court is vested with subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

**The Amount in Controversy Exceeds $75,000.00**

15.

Plaintiff's allegations stem from a motor vehicle accident which allegedly resulted in personal injury. In the petition, Plaintiffs make only generic damages claims, alleging that they are entitled to damages for the following: 1) past and future physical pain and suffering; (2) past and future loss of enjoyment of life; (3) past and future medical expenses; (4) past and future lost wages/earnings; and (5) any other element of damage proven at trial. *Id.* at ¶ 9.

16.

In accordance with Louisiana law, Plaintiff's Petition does not state the amount in dispute. *See* **Exhibit "A**," Petition for Damages.

17.

"Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages…the removing defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendants may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount."

18.

On January 9, 2019, Defendant received demands for each plaintiff, which enclosed treatment records. Plaintiff Walker was diagnosed with a complex tear in the superior labrum of the left shoulder, for which an arthroscopic repair was recommended. In addition, Ms. Walker's physicians have recommended invasive pain management for her lumbar injury. The cost of the shoulder surgery alone exceeds $65,000. *See* **Exhibit "C**," Estimate for Recommended Surgical Procedure.

19.

In addition, Plaintiff Young has been diagnosed with facet syndrome in the lumbar region and a herniated lumbar disc. His physician has recommended invasive pain management, including future rhizotomies, to prolong the benefit. The demand, which exceeds $75,000 for plaintiff Young, though not admissible, confirms plaintiff seeks in excess of the amount in controversy. Therefore, based on the injuries allegedly sustained and the past and future medical expenses identified, it is clear that plaintiffs' potential damages exceed the jurisdictional minimum of $75,000.00.

20.

Plaintiffs have not sought to limit their damages in any way. While Defendant admit no liability, nor causation for any element of damages, Defendant has met the burden of showing that the amount in controversy exceeds the jurisdictional amount required for removal pursuant to 28 U.S.C. §§ 1332 and 1441. For the foregoing reasons, Defendant submits that the amount in

controversy indicates that it is more likely than not that if plaintiffs are successful, they will recover damages in excess of $75,000.00.

## CONCLUSION

21.

For all the reasons outlined above, this civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant under the provisions of 28 U.S.C. §§ 1441(a). The parties have diverse citizenships, and the claims involve an amount in controversy that exceeds $75,000.00, exclusive of costs and interests.

22.

This removal is made with Defendant reserving all rights to assert and plead any and all defenses to the claims presented by Plaintiffs.

23.

No previous application has been made for the relief requested herein.

24.

Defendant is entitled to and request a jury trial on all issues so triable.

25.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

WHEREFORE, Alisam Enterprises, LLC prays that the above action now pending in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed to this Honorable Court and for a trial by jury of all issues of fact.

Respectfully submitted,

/s/ KRISTEN L. BURGE
MICHAEL R. SISTRUNK, T.A., (Bar No.
KRISTEN L. BURGE (Bar No. 35686)
McCRANIE, SISTRUNK, ANZELMO,
  HARDY, McDANIEL, & WELCH, LLC
195 Greenbriar Boulevard, Suite 200
Covington, LA  70433
Telephone:    (504) 831-0946
Facsimile:     (800) 977-8810
msistrunk@mcsalaw.com
kburge@mcsalaw.com
***Attorneys for Defendant, Alisam Enterprises, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, I electronically filed the foregoing with the Clerk of Court for the Eastern District of Louisiana using the CM/ECF system and notice of this filing will be sent to all counsel of record either by depositing a copy of same in the United States mail, first class postage prepaid, or by e-mail or by facsimile transmission.

/s/ KRISTEN L. BURGE
KRISTEN L. BURGE