UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIERON YOUNG AND JATOVENIA WALKER** | * * * * * | **CIVIL NO. 19-00617** |
| | | **SECTION: G(2)** |
| **PLAINTIFFS** | * * | |
| **VERSUS** | * * | **JUDGE NANNETTE JOLIVETTE BROWN** |
| **HENRY FRANKLIN HEALY, JR., ALISAM ENTERPRISES, LLC, AND AMTRUST INSURANCE COMPANY OF KANSAS, INC.** | * * * * * | **MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR.** |
| **DEFENDANTS** | * | **A JURY TRIAL IS DEMANDED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT ALISAM ENTERPRISES, LLC'S
ANSWER TO PETITION FOR DAMAGES AND JURY DEMAND**

**NOW INTO COURT,** through undersigned counsel, come defendant Alisam Enterprises, LLC ("Defendant"), who respond to Plaintiffs' Petition for Damages ("Petition") as follows:

1.

Defendant admits Plaintiffs seek damages arising out of an alleged motor vehicle accident that occurred on or about November 22, 2017, in the Parish of Orleans, Louisiana.

2.

The allegations in Paragraph 2 of the Petition are not directed at Defendant and do not appear to require a response. To the extent a response is required, denied for lack of information sufficient to justify a belief therein.

3.

Defendant denies the allegations directed at Henry Franklin Healy, Jr., further answering that Mr. Henry Franklin Healy, Jr. resides in and is a domiciliary of Amarillo, TX, 79118, County of Randall.

Defendant denies it is a foreign corporation, as alleged in Paragraph 3 of the Petition. Defendant further answers it is a limited liability company with one member, Alisam Group, LLC. Answering further, Alisam Group, LLC, is comprised of twenty four members, all of whom reside in and are domiciled in Texas.

Defendant further denies it is the owner of the vehicle that allegedly caused the November 22, 2017, motor vehicle collision, but admits that Defendant Healy operates a truck on behalf of Alisam Enterprises, LLC d/b/a Plains Transportation. To the extent not specifically admitted herein, denied.

Defendant admits AmTrust Insurance Company of Kansas, Inc. issued a commercial general liability policy to Alisam Enterprises, LLC, and answers the policy is the best evidence of its terms, conditions, and exclusions, and is plead herein as if copied *in extenso*.

Out of an abundance of caution, any allegation not specifically admitted in Paragraph 3 of the Petition is denied.

4.

Defendant denies the allegation in Paragraph 4 of the Petition as calling for a legal conclusion. Defendant further answers that the Eastern District of Louisiana has jurisdiction over the case under Fed. R. Civ. Prod. § 1332.

5.

Defendant denies the allegations in Paragraph 5 of the Petition as calling for a legal conclusion.

6.

Defendant denies the allegations in Paragraph 6 of the Petition as calling for a legal conclusion.

7.

Defendant denies the allegations in Paragraph 7 of the Petition for lack of information sufficient to justify a belief therein.

8.

Defendant denies the allegations in Paragraph 8 of the Petition for lack of information sufficient to justify a belief therein.

9.

Upon information and belief, Defendant admits the allegation in Paragraph 9 of the Petition.

10.

Defendant denies the allegations in Paragraph 10 accurately state the facts giving rise to the subject incident and further denies any and all liability to plaintiffs.

11.

Defendant denies the allegations in Paragraph 11 of the Petition.

12.

Defendant denies Alisam Enterprises, LLC is the owner of the subject truck, but admits Defendant Healy was operating a truck on behalf of Alisam Enterprises, LLC at the time of the subject incident. Defendant denies the remaining allegations in Paragraph 12 of the Petition as calling for a legal conclusion.

13.

Defendant denies the allegations in Paragraph 13 of the Petition, including subparagraphs (a) to (l).

14.

Defendant admits Defendant Healy was operating a truck on behalf of by Alisam Enterprises, LLC at the time of the subject incident. Defendant denies the remaining allegations in Paragraph 14 of the Petition.

15.

Defendant admits AmTrust Insurance Company of Kansas, Inc. issued a commercial general liability policy to Alisam Enterprises, LLC, and answers the policy is the best evidence of its terms, conditions, and exclusions, and is plead herein as if copied *in extenso*. To the extent not specifically admitted herein, Defendant denies the remaining allegations of Paragraph 15.

16.

Defendant denies the allegations in Paragraph 16 of the Petition.

17.

Defendant denies the allegations in Paragraph 17 of the Petition.

18.

Defendant denies the allegations in Paragraph 18 of the Petition, including subparagraphs (a) to (g).

19.

Defendant denies the allegations in Paragraph 19 of the Petition.

20.

Defendant denies the allegations in Paragraph 20 of the Petition.

21.

Defendant denies the allegations in Paragraph 21 of the Petition, including subparagraphs (a) to (g).

22.

Defendant denies that plaintiffs are entitled to the relief sought in the WHEREFORE paragraph of the Petition setting forth the prayer for relief.  Defendant further denies any and all liability to plaintiffs.

**AND NOW,** in further answer to Plaintiffs' Petition, Defendant alleges the following non-exclusive defenses:

### FIRST DEFENSE

The cause in fact of the incident complained of was the intentional and/or negligent acts of Britney Joshua, the driver of the 2013 Kia Optima, or another third party, whose negligent acts include but are not limited to performance of the following:

a. failure to see what should have been seen;

      b.      failure to act with due care under the circumstances;

      c.      failure to take precautions necessary for one's own safety;

      d.      acting carelessly and recklessly under the circumstances; and

      e.      any and all other intentional and/or negligent acts which may be proven at the trial of this matter.

## SECOND DEFENSE

**IN THE ALTERNATIVE**, and only in the event that any negligence be proven on the part of the Defendant, which negligence is strictly denied, Defendant affirmatively allege the contributory and/or comparative negligence and/or fault of the Britney Joshua, or another third party, whose acts of negligence have been set out in the immediately preceding paragraph and are adopted herein as if copied *in extenso*.

## THIRD DEFENSE

**IN THE ALTERNATIVE**, the Defendant avers that Plaintiffs, Jatovenia and Kieron, sustained no injuries or damages from the incident sued upon, and in the further alternative that both have recovered from any injuries or damages allegedly sustained.

## FOURTH DEFENSE

The damages complained of by the Plaintiffs are speculative and conjectural, which serves as a bar to or in diminution of any recovery herein.

## FIFTH DEFENSE

Defendant affirmatively avers that Plaintiffs have failed to mitigate their damages.

## SIXTH DEFENSE

Defendant is entitled to a credit for any payments made or future payments made to Plaintiffs for damages that Plaintiffs claims are related to the subject accident.

## SEVENTH DEFENSE

Upon information and belief, Defendant affirmatively alleges the protections and limitations set forth in Louisiana's "no pay/no play" statute.

## EIGHTH DEFENSE

The Plaintiffs' claims for relief are barred, in whole or in part, because the Plaintiffs, by acts, omissions, and/or conduct, have waived, in whole or in part, the right to obtain the relief sought, including, without limitation, and where applicable, through prior settlements and releases, and by accord and satisfaction.

## NINTH DEFENSE

Insufficiency of service of process.

## NINTH DEFENSE

Defendant expressly reserves its right to assert any cross-claim, reconventional demand, or third-party demand, as well as any additional defenses, as discovery progresses and additional facts are learned.

## JURY DEMAND

Defendant hereby requests a trial by jury.

Respectfully submitted,

/s/ Kristen L. Burge

_____

**MICHAEL R. SISTRUNK**, T.A. (12111)
**KRISTEN L. BURGE** (Bar No. 35686)
McCRANIE, SISTRUNK, ANZELMO,
 HARDY, McDANIEL & WELCH LLC
195 Greenbriar Boulevard, Suite 200
Covington, Louisiana 70433
Telephone: (504) 831-0946
Facsimile: (985) 809-9677
msistrunk@mcsalaw.com
kburge@mcsalaw.com
**Attorneys for Alisam Enterprises, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of Feburary, I electronically filed the foregoing with the Clerk of Court for the Eastern District of Louisiana using the CM/ECF system and notice of this filing will be sent to all counsel of record either by depositing a copy of same in the United States mail, first class postage prepaid, or by e-mail or by facsimile transmission.

*/s/: Kristen L. Burge*
**KRISTEN L. BURGE**