**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KIERON YOUNG, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-617** |
| **HENRY FRANKLIN HEALY, et al.** | **SECTION: "G"(2)** |

**ORDER**

Before the Court is Plaintiffs Kieron Young and Jatovenia Walker's ("Plaintiffs") Motion to Remand."[1] In this litigation, Plaintiffs allege that they received several injuries as a result of a motor vehicle accident.[2] Plaintiffs originally filed this action in the Civil District Court for the Parish of Orleans, State of Louisiana.[3] Defendant Alisam Enterprises, LLC ("Alisam") removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. §§ 1132, 1441 and 1446.[4]

On February 19, 2019, Plaintiffs filed the instant motion to remand the action.[5] The motion to remand alleges that Alisam fails to prove diversity of citizenship because Alisam does not properly plead its citizenship as an LLC.[6] The motion also asserts that Alisam did not receive Defendant Henry Healy's ("Healy") consent before removing the action to this Court.[7]

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 1-2 at 6–7.

[3] *Id.* at 4.

[4] Rec. Doc. 1.

[5] Rec. Doc. 4.

[6] Rec. Doc. 4-1 at 4–5.

[7] *Id.* at 5–6.

On April 2, 2019, Plaintiffs filed a "Motion to Withdraw Plaintiffs' Motion to Remand," seeking to withdraw their motion to remand with the consent of counsel for Defendants.[8] Plaintiffs, however, failed to provide any details regarding why they were withdrawing their motion or the factual circumstances in support of the withdrawal request. Therefore, the Court denied the motion to withdraw because it was not apparent that the Court had subject matter jurisdiction over the action,[9] and the parties cannot consent to subject matter jurisdiction where it is lacking.[10] Accordingly, the Court ordered Alisam to brief its citizenship as an LLC and provide summary-judgment-type evidence showing that the amount in controversy exceeded $75,000 at the time of removal for each plaintiff.[11]

On May 20, 2019, Alisam filed a "Memorandum in Support of Jurisdiction" (the "Response").[12] In the Response, Alisam asserts that prior to the Court's April 22, 2019 Order, it communicated with Plaintiffs regarding jurisdiction and the failure to obtain Healy's consent to removal.[13] Alisam alleges that it stated in its Answer to the Petition that it is an LLC with one member, Alisam Group, LLC.[14] Alisam contends that Alisam Group, LLC has 24 members, and each member is a citizen of Texas.[15] Alisam avers that because Plaintiffs are citizens of Louisiana and it is a citizen of Texas, it is completely diverse from Plaintiffs.[16] Alisam also states in the

---

[8] Rec. Doc. 10.

[9] Rec. Doc. 15.

[10] *See Bridgmon v. Array Systems Corp.*, 325 F.3d 572, 575 (5th Cir. 2003).

[11] Rec. Doc. 15 at 7. In the Notice of Removal, Alisam asserts that Plaintiffs are residents of Louisiana, Defendant Healy is a resident of Texas, and Defendant AmTrust is incorporated in Kansas and has a principal place of business in Texas. Rec. Doc. 1.

[12] Rec. Doc. 21.

[13] *Id.* at 3.

[14] *Id.*

[15] *Id.*

[16] *Id.*

Response that Healy had not been properly served at the time of removal because Plaintiffs did not have Healy's correct address.[17] Alisam states that when it explained this to Plaintiffs, Plaintiffs agreed that failure to receive consent for removal was not an issue because the consent requirement only applies to defendants who have been properly served.[18] Therefore, Alisam asserts, Plaintiffs agreed to withdraw the motion to remand because failure to obtain consent and lack of diverse citizenship were not issues in the case.[19]

In response to the Court's request for evidence regarding the amount in controversy, Alisam avers that on July 6, 2018, Plaintiff Kieron Young submitted a settlement demand for $95,000, and on September 18, 2018, Plaintiff Jatovenia Walker submitted a settlement demand for $175,000.[20] This Court commonly considers settlement demand letters as relevant summary-judgment type evidence of the amount in controversy.[21] Therefore, the Court finds that Alisam presents sufficient evidence that the amount in controversy in this matter exceeded $75,000 at the time of removal for each plaintiff.

In conclusion, Alisam has established that there is diversity of citizenship among the parties and the amount in controversy at the time of removal exceeded $75,000. Alisam has also resolved

---

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.* at 4–5.

[21] *See Thompson v. Acceptance Indem. Ins. Co.,* No. 14–1424, 2014 WL 7369733, at *5 (E.D. La. Dec. 29, 2014) ("[I]t can be inferred from several Fifth Circuit cases that such practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims.") (citing *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002)); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Pollet v. Sears Roebuck and Co.*, 46 Fed. Appx. 226 (5th Cir. 2002)); *see also Johnson v.. Macy's Dep't Store,* No. 14–226, 2014 WL 5822788, at *4 (M .D. La. Nov. 10, 2014); *Broussard v. Celebration Station Prop., Inc.,* No. 13–531, 2014 WL 1402144, at *5 (M.D. La. Apr. 10, 2014); *Lafayette City–Parish Consol. Gov't v. Chain Elec. Co.,* No. 11–1247, 2011 WL 4499589, at *6 (W.D. La. Sept. 23, 2011) (citations omitted) ("It can be inferred from several Fifth Circuit cases that pre-petition settlement demand letters can be considered as relevant summary judgment-type evidence of the amount [in] controversy.").

with Plaintiffs the failure to obtain Healy's consent prior to removal. Healy had not been properly served, and thus, his consent was not required for removal.[22] Considering the fact that the arguments asserted in the motion to remand and jurisdictional briefing order have been resolved in favor of jurisdiction, the Court will not remand the action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Kieron Young and Jatovenia Walker's "Motion to Remand"[23] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 28th day of May, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[22] 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

[23] Rec. Doc. 4.